Fadi K. Rasheed, Esq. (SBN 267175 / frasheed@leechtishman.com)
Ivan Posey, Esq. (SBN 196386 / iposey@leechtishman.com)
**LEECH TISHMAN FUSCALDO & LAMPL, INC., A PROFESSIONAL CORPORATION**
2041 Rosecrans Avenue, Suite 300
El Segundo, CA 90245
Phone: (424) 738-4400 / Fax: (424) 738-5080

*Attorneys for Plaintiffs,*
*Cookies Retail Products, LLC*

Lisa Greenwald-Swire, Esq. (SBN 213269 /greenwald-swire@fr.com)
Seth Sproul, Esq. (SBN 217711 /sproul@fr.com)
John Johnson, Esq. (SBN 281609 /jjohnson@fr.com)
**FISH & RICHARDSON P.C.**
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Phone: 213-533-4240

Jenifer deWolf Paine, Esq. (*pro hac vice* pending /paine@fr.com)
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Phone: 212-765-5070 / Fax: 212-258-2291

*Attorneys for Plaintiffs,*
*Cookies SF LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOKIES SF LLC, a California limited liability company; and COOKIES RETAIL PRODUCTS, LLC, a Florida limited liability company; | CASE NO. <br><br> **COMPLAINT OF COOKIES SF LLC AND COOKIES RETAIL PRODUCTS LLC  FOR:** |

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>CAKE DISTRO, INC., a Wyoming corporation; AK FUTURES LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendant. | 1) **TRADEMARK INFRINGEMENT (15 U.S.C. 1114)**<br>2) **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**<br>3) **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, et seq.**<br>4) **REFUSAL OF A.K. FUTURES' TRADEMARK APPLICATIONS FOR CAKE, THE CAKE LOGO, THE CAKE STYLIZED MARK, AND THE CAVIAR STYLIZED MARK**<br>5) **DECLARATION OF INVALID COPYRIGHT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Cookies SF LLC ("Cookies") and Cookies Retail Products, LLC (CRP) (collectively the "Cookies Plaintiffs" hereby bring the present action against Cake Distro, Inc. ("Cake") and AK Futures LLC ("AK"), and allege as follows:

## I. JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since both Defendants have places of business in Orange County, California, and directly target business activities toward consumers in the United States, including Orange County, California, through distribution to retail stores throughout California, and fully interactive e-commerce stores operating under retail websites, that target

1  California consumers using infringing versions of Cookies' trademarks.  Defendant

2  is committing tortious acts in California, is engaging in interstate commerce, and

3  has wrongfully caused Cookies substantial injury in the State of California.

4        3.      The Court has supplemental jurisdiction over the state statutory and

5  common law unfair competition claims in this action pursuant to 28 U.S.C. §

6  1367(a) because these claims are so related to the federal claims that they form part

7  of the same case or controversy and derives from a common nucleus of operative

8  facts.

9  ## II. INTRODUCTION

10        3.      This action has been filed by the Cookies Plaintiffs to combat those

11  who trade upon Cookies' reputation and goodwill by offering for sale and/or selling

12  unauthorized and unlicensed products using infringing versions of Cookies'

13  trademarks.  Defendants, acting in concert, distribute to retailers and create e-

14  commerce stores that are advertising, offering for sale, and selling the infringing

15  products to unknowing consumers.  The Cookies Plaintiffs are forced to file this

16  action to combat infringement of the Cookies Trademarks (as defined below), as

17  well as to protect unknowing consumers from purchasing infringing products.  The

18  Cookies Plaintiffs have been and continue to be irreparably damaged through

19  consumer confusion and infringement of its valuable trademarks as a result of

20  Defendants' actions, and seeks injunctive and monetary relief.

21  ## III. THE PARTIES

22  **The Plaintiffs**

23        4.      Cookies SF LLC is a California limited liability company with its

24  principal place of business located in San Francisco, California.  Cookies is the

25  brainchild of Bay Area recording artist and entrepreneur Berner (Gilbert Milam).

26  Since its beginnings in 2013, Cookies has grown from a small Bay Area brand

27  cultivated in the streets of San Francisco to a nationally recognized brand in the

28  fields of clothing and merchandise, smoking and vaping products, and, through one

or more licensees, cannabis and cannabis-derived products. As a result of its popularity, Cookies has developed a strong brand that expands to clothing, e-cigarettes, accessories, and related cannabis, hemp, and non-cannabis products.

5.     Plaintiff Cookies Retail Products, LLC is a Florida limited liability company with a principal place of business located in Orlando, Florida, and is the exclusive licensee of the Cookies Trademarks in connection with the distribution of certain hemp-derived, non-federally regulated cannabis products (*e.g.*, cannabis-derived products containing Delta-8 THC, Delta-9 THC, HHC, CBD, CBG, THC-O).

6.     Cookies represents a lifestyle that appeals to a broad swath of consumers. Cookies represents this lifestyle best through its products, and the Cookies Plaintiffs constantly strive to produce the highest quality products that are sold nationwide under the Cookies Trademarks.

7.     Since 2013, Cookies has been manufacturing and selling a variety of merchandise under several trademarks, including the mark COOKIES (the "COOKIES Mark"), as well as:



(the "C Logo Mark"), and



(the "Cookies Stylized Mark"). The COOKIES Mark, the C Logo Mark,

and the Cookies Stylized Mark are collectively the "Cookies Trademarks").

8.     In addition to its strong common law trademark rights, Cookies SF is the owner of the following federal trademark registrations and applications:

| Serial Number (Filing Date) | Reg. Number (Reg. Date) | Mark | Goods/Services |
|---|---|---|---|
| 87264418 (12-10-2016) | 5305159 (10-10-2017) |  | Class 3: body spray; odor neutralizer, namely, deodorant for personal use; Class 7: vacuum sealer machines, namely, rechargeable bag sealers; Class 14: hat pins, namely jewelry pins for use on hats; key chains; Class 16: evacuatable resealable plastic storage bags for household use; Class 18: backpacks, book bags, sports bags; carry-all bags; duffel bags; school bags; travel bags; Class 21: storage containers for household or domestic use, not made of precious metal or coated therewith, namely, plastic storage containers for domestic and household use; lunch bags not of paper; Class 25: apparel and clothing of all types, namely, t-shirts, jerseys, pants, shirts, blouses, slacks, shorts, underwear, socks, coats, jackets, pullovers, sweatshirts and sweat pants; Headwear; Class 28: skateboard decks |
| 97020154 (9-9-2021) | |  | Class 024: blankets for outdoor use; bed blankets; lap blankets |
| 97020144 (9-9-2021) | |  | Class 4: candles |
| 97020139 (9-9-2021) | |  | Class 27: rugs; floor mats |
| 97019445 (9-9-2021) | |  | Class 35: retail store services featuring a wide variety of consumer goods of others; wholesale and retail store services featuring clothing, smokers' articles, and related accessories; on-line retail store services featuring clothing, smokers' articles, and related accessories |
| 97019434 (9-9-2021) | |  | Class 34: ashtrays; electric cigarettes; flavorings, other than essential oils, for use in electronic cigarettes; lighters for smokers; smokers' rolling trays; electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill |

| | | | electronic cigarette cartridges; oral vaporizers for smoking purposes |
|---|---|---|---|
| 97004916 (9-9-2021) | |  | Class 9: sunglasses; electronic cigarette batteries |
| 86697479 (7-18-2015) | 5319867 (10-31-2017) | COOKIES | Class 18: backpacks, book bags, sports bags; carry-all bags; duffel bags; school bags; travel bags Class 21: storage containers for household or domestic use, not made of precious metal or coated therewith, namely, plastic storage containers for domestic and household use; lunch bags not of paper; each of the foregoing excluding those for use with baked goods |
| 87264411 (12-10-2016) | 5305158 (10-10-2017) | COOKIES | Class 7: vacuum sealer machines, namely rechargeable bag sealers; Class 14: hat pins, namely, jewelry pins for hats; Class 16: evacuable resealable plastic storage bags for household use Class 28: skateboard decks |
| 86764189 (9-22-2015) | 4951161 (5-3-2016) | COOKIES | Class 34: ashtrays; lighters for smokers |
| 86047276 (8-25-2013) | 4619692 (10-14-2014) | COOKIES SF | Class 25: sweatshirts; t-shirts |
| 97019461 (9-9-2021) | | COOKIES | Class 25: footwear; flip flops |
| 97019471 (9-9-2021) | | COOKIES | Class 27: rugs; floor mats |
| 97019493 (9-9-2021) | | COOKIES | Class 4: candles; scented candles |
| 97019497 (9-9-2021) | | COOKIES | Class 24: blankets for outdoor use; bed blankets; lap blankets |
| 97019505 (9-9-2021) | | COOKIES | Class 35: retail store services featuring a wide variety of consumer goods of others; retail store services featuring smokers' articles, backpacks, storage containers for household use, |

| | | | evacutable resealable plastic storage bags, skateboard decks, and related accessories.; on-line retail store services featuring smokers' articles, backpacks, storage containers for household use, evacutable resealable plastic storage bags, skateboard decks, and related accessories |
|---|---|---|---|

9.     The Cookies Plaintiffs have used the Cookies Trademarks on and in association with the entire line of Cookies-branded products and accessories, including clothing, e-cigarettes, backpacks, bags, vape cartridges, retail store services (including nineteen retail stores in California), cannabis and cannabis-derived products, including vaping products containing delta-8 tetrahydrocannabidiol ("delta 8 THC") (legal under federal law pursuant to the 2018 Agricultural Improvement Act), and online e-commerce, as well as the goods and services listed in connection with the federal trademark registrations and applications listed above (collectively the "Cookies Goods and Services").

10.     The Cookies Plaintiffs' products always include at least one of the Cookies Trademarks.  Often several Cookies Trademarks are displayed on a single Cookies product.  The Cookies Plaintiffs also use the Cookies Trademarks in connection with the marketing of its products.

11.     The above U.S. registrations and applications for the Cookies Trademarks are valid, subsisting, and in full force and effect. Registration No. 5305159 constitutes prima facie evidence of its validity and of Cookies' exclusive right to use the C Logo Mark pursuant to 15 U.S.C. § 1057(b). Registration Nos. 5319867, 5305158, 4951161, and 4619692 constitute prima facie evidence of the validity of the COOKIES Trademark and of Cookies' exclusive right to use the COOKIES Trademark pursuant to 15 U.S.C. § 1057(b).

12.     The Cookies Trademarks have been used exclusively and continuously by the Cookies Plaintiffs as early as 2013. Attached as Exhibit 1 are title and status copies from the USPTO database of the United States registrations and the pending applications included in the above table.

13.     The Cookies Trademarks are exclusive to Cookies and its licensees,

including CRP, and are displayed extensively on the Cookies Goods and Services and in the Cookies Plaintiffs' marketing and promotional materials. Cookies Goods and Services have long been among the most popular products of their type in the world and have been extensively promoted at great expense. The Cookies Plaintiffs have invested significant funds promoting and marketing the Cookies Trademarks in connection with the Cookies Goods and Services.

14.     Cookies Goods and Services have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renowned as desired items.  Cookies Goods and Services have been featured in hundreds of articles published throughout the United States and internationally, including, without limitation, in national and local publications like *Rolling Stone*, *Forbes*, *Variety*, *Business Insider*, *LA Weekly*, *Leafly*, *USA Today* and *Yahoo! Finance*.  As a result, in addition to being inherently distinctive, the Cookies Trademarks have become exceptionally strong throughout the United States.

15.     When applied to the Cookies Goods and Services the Cookies Trademarks signify to the purchaser that the products originate with the Cookies Plaintiffs and are consistent with Cookies' quality standards. The Cookies Plaintiffs have ensured that products bearing the Cookies' Trademarks are manufactured to the highest quality standards, and likewise ensure that the provision of retail store services under the Cookies Trademarks is consistent with the highest quality standards.

16.     As a result of the significant commercial success of the Cookies brand and the investment the Cookies Plaintiffs have made in promoting the brand, the goodwill associated with the Cookies Trademarks is of incalculable and inestimable value to Cookies.

**The Defendants**

17.     On information and belief, Cake is a company incorporated in Wyoming, and AK is a Delaware limited liability company, each with principal

places of business in Orange County, California.

18.     Defendants are in the cannabis industry and are direct competitors of the Cookies brand.

19.     On information and belief, the specific and deliberate business plan of Defendants from their inception has been to deliberately trade on the goodwill of the Cookies Trademarks.

20.     As part of this plan, Defendants have undertaken a campaign to use branding and even attempt to secure rights in trademarks that are confusingly similar to Cookies' branding, as illustrated below:

| Cookies' Trademarks | Defendants' Branding |
|---|---|
|  |  |
|  |  |

21.     Cookies' primary logo is the C Logo Mark, which consists of a stylized "C" within a cookie that has a bite taken out of it. Applicant is seeking to

1  register a highly similar stylized "C" on a cake design (the "Cake Logo").

2      22.    "Cookies" and "cake" create a similar commercial impression, and

3  the stylized lettering used in Defendants' CAKE mark (the "Cake Stylized Mark")

4  is highly similar to the lettering used in the Cookies Stylized Mark.

5      23.    Defendants have also used the mark CAVIAR on products that are

6  related to the Cookies Goods and Services in the following stylization:

7  

8

9

10  (the "Caviar Stylized Mark"). The Cake Logo, the Cake Stylized Mark, and the

11  Caviar Stylized Mark are together the "Infringing Branding".

12     24.    Defendants were well aware of Cookies and its use and licensing of

13  the Cookies Trademarks before they commenced use of the Infringing Branding.

14     25.    Cookies has been using the Cookies Trademarks since 2013, and

15  Defendants commenced use of the Infringing Branding in or about October of

16  2020.

17     26.    Defendants are using the Infringing Branding on and in connection

18  with products and services that are directly competitive with and/or related to the

19  Cookies Goods and Services.

20     27.    Specifically, by way of example and not by way of limitation, many

21  smoking products are sold by Defendants bearing Cookies Trademarks

22  (collectively, "Infringing Products").

23     28.    Defendants and their retailers have offered for sale and, on

24  information and belief, sold Infringing Products in commerce such as the following

25  products:

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28











29.     Defendants have targeted sales of Infringing Products to California residents by distributing to retail stores, and to those that set up and operate ecommerce stores that target United States and California consumers.

***Defendants' Trademark Filings***

30.     Beginning in December of 2020, and long after Cookies commenced use of the Cookies Trademarks, Defendants began filing U.S. trademark applications for the Infringing Branding, including:

a.     On December 21, 2020, Defendant AK Futures filed U.S. trademark application SN 90399839 for the mark CAKE in connection with "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarettes and oral vaporizers for smokers; flavorings, other than essential oils, for use in electronic cigarettes; flavourings, other than essential oils, for use in electronic cigarettes" in International Class 34.

b.     On March 22, 2021, Defendant AK Futures filed U.S.

trademark application SN 90594382 for the Cake Logo in connection with "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarettes; electronic cigarettes and oral vaporizers for smokers; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; flavorings, other than essential oils, for use in electronic cigarettes" in International Class 34.

     c.    On March 22, 2021, Defendant AK Futures filed U.S. trademark application SN 90594523 for the Cake Stylized Mark in connection with "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarettes; electronic cigarettes and oral vaporizers for smokers; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; flavorings, other than essential oils, for use in electronic cigarettes" in International Class 34.

     d.    On March 26, 2021, Defendant AK Futures filed U.S. trademark application SN 90606820 for the Cake Logo in connection with "shirts; sweatshirts; t-shirts; hooded sweatshirts(based on intent to use) bandanas; beanies; hats; socks; sweatbands; sweatpants; belts; jackets; jerseys; tank-tops" in International Class 25.

     e.    On March 27, 2021, Defendant AK Futures filed U.S. trademark application SN 90607622 for the Cake Stylized Mark in connection with "shirts; sweatshirts; t-shirts; hooded sweatshirts(based on intent to use) bandanas; beanies; hats; socks; sweatbands; sweatpants; belts; jackets; jerseys; tank-tops" in International Class 25.

     f.    On April 5, 2021, Defendant AK Futures filed U.S. trademark application SN 90624745 for the Cake Logo in connection with "batteries for electronic cigarettes; battery chargers for electronic cigarettes; chargers

for electronic cigarettes; electric coils for electronic cigarettes" in International Class 9;

g.      On April 6, 2021, Defendant AK Futures filed U.S. trademark application SN 90627129 for the mark CAVIAR (stylized) in connection with "bandanas; beanies; hats; shirts; socks; sweatbands; sweatpants; sweatshirts; t-shirts; tank-tops" in International Class 25.

h.      On May 2, 2021, Defendant AK Futures filed U.S. trademark application SN 90686598 for the Cake Stylized mark in connection with "electronic cigarette batteries; batteries for electronic cigarettes; battery chargers for electronic cigarettes; chargers for electronic cigarettes; electric coils for electronic cigarettes" in Class 9.

i.      On August 16, 2021, Defendant AK Futures filed U.S. trademark application SN 90885204 for the Cake Stylized mark with additional wording "LIMITED XL EDITION" in connection with "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarettes; electronic cigarettes and oral vaporizers for smokers; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; flavorings, other than essential oils, for use in electronic cigarettes" in International Class 34.

j.      One April 14, 2022, Defendant AK Futures filed U.S. trademark application SN 97364288 for the Cake Stylized mark in connection with "backpacks; handbags; purses; umbrellas; wallets; all-purpose carrying bags; all purpose sports bags; animal carriers; athletic bags; briefcases and attache cases; carrying cases; duffle bags; hip bags; key cases; messenger bags; toiletry bags sold empty; toiletry cases sold empty; tote bags; travel bags; and trunks being luggage and suitcases" in International Class 18.

k.      On April 14, 2022, Defendant AK Futures filed U.S. trademark application SN 97364496 for the Cake Logo mark in connection with "backpacks; handbags; purses; umbrellas; wallets; all-purpose carrying bags; all purpose sports bags; animal carriers; athletic bags; briefcases and attache cases; carrying cases; duffle bags; hip bags; key cases; messenger bags; toiletry bags sold empty; toiletry cases sold empty; tote bags; travel bags; and trunks being luggage and suitcases" in International Class 18.

l.      On May 12, 2022, Defendant AK Futures filed U.S. trademark application SN 97408035 for the Cake (Stylized) mark in connection with "wholesale store services featuring electronic cigarettes, oral vaporizers, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, articles used for smoking, and clothing(based on intent to use) on-line retail store services featuring electronic cigarettes, oral vaporizers, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, battery chargers for electronic cigarettes, chargers for electronic cigarettes, articles used for smoking, clothing, headwear, belts, bags, backpacks, luggage and accessories; retail store services featuring electronic cigarettes, oral vaporizers, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, battery chargers for electronic cigarettes, chargers for electronic cigarettes, articles used for smoking, clothing, headwear, belts, bags, backpacks, luggage and accessories; wholesale store services featuring battery chargers for electronic cigarettes, chargers for electronic cigarettes, headwear, belts, bags, backpacks, luggage and accessories" in International Class 35.

m.      On information and belief, on April 14, 2021, Defendant AK Futures obtained U.S. Copyright Reg. VA0002247632 for the Cake Logo.

31.      On April 13, 2022, Cookies initiated Opposition No. 91275627 with

the Trademark Trial and Appeal Board against AK Futures' SN 90606820 for the Cake Logo in Class 25.

32. On June 2, 2022, Cookies initiated Opposition No. 91276527 with the Trademark Trial and Appeal Board against AK Futures' SN 90624745 for the Cake Logo in Class 9.

33. The Cookies Plaintiffs will be damaged by registration of the Cake Logo as it is confusingly similar to the Cookies Plaintiffs' prior used Cookies Trademarks and is filed in connection with goods that are the same as or related to the Cookies Goods and Services. The Cookies Plaintiffs have prior rights in the Cookies Trademarks and registration of the Cake Logo will improperly confer upon Defendant AK Futures various statutory presumptions to which AK Futures is not entitled.

34. The Cookies Plaintiffs will be damaged by continued copyright registration of the Cake Logo as it is substantially similar to Cookies branding, which Cookies has prior rights to.

## COUNT I

## TRADEMARK INFRINGEMENT OF THE C LOGO MARK AND COOKIES FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. § 1114)

35. The Cookies Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

36. As described above, Cookies owns a federal trademark registration for the distinctive C Logo Mark in connection with bags, backpacks, and related products.

37. As described above, Cookies owns several federal trademark registrations for the COOKIES Mark in connection with ashtrays, lighters, sweatshirts, bags, backpacks, jewelry, storage bags, skateboard decks, and related items.

38.     Cookies' registration nos. 5305159, 5319867, 5305158, 4951161, and 4619692 are in full force and effect, and Cookies owns all right, title, and interest in them.

39.     The Cookies Plaintiffs' ownership and exclusive use of the C Logo Mark and the COOKIES Mark is superior to and significantly predates any use of the Cake Logo, the Cake Stylized Mark, and the Caviar Stylized Mark by Defendants.

40.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products that are identical to, similar to, and/or related to the Cookies Goods and Services bearing the Cake Logo, which is confusingly similar to Cookies' C Logo Mark, subject of Reg. No. 5305159.

41.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products that are identical to, similar to, and/or related to the Cookies Goods and Services bearing the Cake Stylized Mark, which is confusingly similar to Cookies' C Logo Mark (subject of Reg. No. 5305159) and the COOKIES Mark (subject of Reg. Nos. 5319867, 5305158, 4951161, and 4619692).

42.     Defendants' use of its confusingly similar Cake Logo and Cake Stylized Marks constitutes trademark infringement in violation of 15 U.S.C. § 1114 because it is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of Defendants' products, and/or to cause consumers to believe, mistakenly, that that Defendants' products are part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, the Cookies Plaintiffs.

43.     Defendants have at all relevant times had actual knowledge of the Cookies Plaintiffs' rights in the C Logo Mark and the COOKIES Mark, and are willfully infringing and intentionally trading off the goodwill long owned and earned by the Cookies Plaintiffs, causing confusion.

44.     Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     The Cookies Plaintiffs have no adequate remedy at law, and if Defendants' actions are not enjoined, the Cookies Plaintiffs will continue to suffer irreparable harm to its reputation and the goodwill of its well-known C Logo Mark and COOKIES Marks.

46.     The injuries and damages sustained by the Cookies Plaintiffs have been directly and proximately caused by Defendants' wrongful infringement.

## COUNT II

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

47.     The Cookies Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

48.     As described above, Cookies owns strong common law rights in the distinctive Cookies Trademarks in connection with the Cookies Goods and Services.

49.     The Cookies Plaintiffs' ownership and exclusive use in commerce of the Cookies Trademarks are superior to and significantly predate any use of the Infringing Branding by Defendants.

50.     Defendants are using the Infringing Branding in commerce in connection with the advertising, distribution, offering for sale, and/or sale of products that are the same as or highly related to the Cookies Goods and Services.

51.     Defendants' use of the Infringing Branding in interstate commerce as described above, has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with the Cookies Plaintiffs or the origin, sponsorship, or approval by Cookies of Defendants' Infringing Products.

52.     Defendants' use of the Infringing Branding in connection with the sale of Infringing Products creates a false designation of origin and a misleading

representation of fact as to the origin and sponsorship of the Infringing Products.

53.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

54.     The Cookies Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, the Cookies Plaintiffs will continue to suffer irreparable harm to its reputation and the goodwill of the Cookies brand.

## COUNT III

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*

55.     The Cookies Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56.     The foregoing acts of Defendants constitute Unfair Competition under California Business and Professions Code § 17200, *et seq.*

57.     The Cookies Plaintiffs are informed and believe, and thereon allege, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to the Cookies Plaintiffs. By reason of Defendants' wrongful acts as alleged in this Complaint, Cookies has been damaged and is entitled to monetary relief in an amount to be determined at trial.

58.     By their actions, Defendants have injured and violated the Cookies Plaintiffs' rights and have irreparably injured the Cookies Plaintiffs, and such irreparable injury will continue unless Defendants are enjoined by this Court.

## COUNT V

## REFUSAL OF A.K. FUTURES' TRADEMARK APPLICATION FOR CAKE, THE CAKE LOGO, THE CAKE STYLIZED MARK, AND THE CAVIAR MARK

59.     The Cookies Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

60.     This Court has the power to determine whether Defendant AK Futures is entitled to registration of the Cake Logo as claimed in AK Futures' application SN 90606820 under 15 U.S.C. §1119 because this action involves Cookies' registered marks.

61.     This action, including Count I under 15 U.S.C. §1114, involves federally registered trademarks, namely Cookies' C Logo Mark and COOKIES Marks, subjects of Reg. Nos. 5319867, 5305158, 4951161, and 4619692.

62.     There is a close nexus between Defendant AK Futures' pending application and Cookies' registrations at issue in this case. Cookies' registrations are for the highly similar C Logo Mark and COOKIES Marks.

63.     In light of Cookies' prior-used and prior-registered C Logo Mark and COOKIES Marks, Defendants' use of the Cake Logo, the CAKE Mark, the CAKE Stylized Mark, and the CAVIAR Mark as trademarks in commerce in connection with the advertising, distribution, offering for sale, and/or sale of goods covered by Cookies' registrations is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin or source of Defendants' goods.

64.     As a result of the likelihood of confusion, Cookies will be damaged by registration of SNs 90399839, 90594382, 90594523, 90606820, 90607622, 90624745, 90627129, 90686598, 90885204, 97364288, 97364496, and 97408035.

65.     In light of the foregoing, registration of the marks depicted in SNs 90399839, 90594382, 90594523, 90606820, 90607622, 90624745, 90627129, 90686598, 90885204, 97364288, 97364496, and 97408035 should be refused under 15 U.S.C. § 1052(d).

66.     Accordingly, Cookies seeks a declaration that Defendant AK Futures is not entitled to registration of the CAKE, the Cake Logo, the CAKE Stylized Mark, and the CAVIAR Stylized Mark, and that the Court certify an Order to the

Director of the United States Patent and Trademark Office to refuse registration of SNs 90399839, 90594382, 90594523, 90606820, 90607622, 90624745, 90627129, 90686598, 90885204, 97364288, 97364496, and 97408035.

## COUNT VI

### DECLARATION OF INVALID COPYRIGHT

67.    The Cookies Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

68.    Defendant AK Futures Copyright Reg. No. VA0002247632 for the Cake Logo is invalid because it contains a design that is substantially similar to Cookies' C Logo Mark, which Cookies owns the copyrights in, and it is therefore an unauthorized derivative work.

69.    Copyright Reg. No. VA0002247632 does not disclaim any pre-existing material owned by a third party.

70.    When Defendant AK Futures applied to register the Cake Logo with the Copyright Office, it was well aware that it contained a C design that was substantially similar to Cookies' C Logo Mark, and that the C Logo Mark had been previously published.

71.    Accordingly, Cookies seeks a declaration that Reg. No. VA0002247632 is invalid and unenforceable, and that the Court order Defendant AK Futures to cancel Reg. No. VA0002247632 by submitting a written voluntary cancellation request to the U.S. Copyright Office using the procedure described in Section 1807.4€ of the Compendium of U.S. Copyright Office Practices, U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101 (3d ed. 2017).

### PRAYER FOR RELIEF

WHEREFORE, the Cookies Plaintiffs pray for judgment against Defendants as follows:

1) That the Court enter judgment in favor of the Cookies Plaintiffs, including

1    injunctive relief, and against Defendants, on all claims for relief;

2) That the Court enter judgment determining that Defendants infringed Cookies' registered C Logo Mark and COOKIES Marks under 15 U.S.C. § 1114;

3) That the Court enter judgment determining that Defendants infringed Cookies' common law rights in the Cookies Trademarks and committed acts of false designation of origin under 15 U.S.C. §1125(a);

4) That the Court enter judgment determining that Defendants infringed the Cookies Trademarks and committed unfair competition under California Business and Professions Code § 17200, *et seq*.;

5) That the Court grant an injunction permanently enjoining and restraining Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them from:

    a. using the Infringing Branding or any mark, word, name, logo, or designation as a trademark, service mark, or trade name that is confusingly similar to the Cookies Trademarks in a manner that is likely to cause consumer confusion, pursuant to 15 U.S.C. § 1116;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Cookies product or any other product produced by Cookies that is not Cookies' or not produced under the authorization, control, or supervision of Cookies and approved by Cookies for sale under the Cookies Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Cookies, or are sponsored by, approved by, or otherwise connected with Cookies;

    d. further infringing the Cookies Trademarks and damaging Cookies' goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or

otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Cookies, nor authorized by Cookies to be sold or offered for sale, and which bear any of Cookies' trademarks, including the Cookies Trademarks, or any reproductions, copies, or colorable imitations thereof;

6) That the Court determine that Defendant AK Futures is not entitled to registration of the Cake Logo that is the subject of SN 90606820;

7) That the Court certify an Order to the Director of the United States Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, to refuse registration of U.S. SNs 90399839, 90594382, 90594523, 90606820, 90607622, 90624745, 90627129, 90686598, 90885204, 97364288, 97364496, and 97408035 or, in the alternative, issue an order directing Defendant AK Futures to file with the USPTO a Request for Express Abandonment (Withdrawal) of Application for U.S. SNs 90399839, 90594382, 90594523, 90606820, 90607622, 90624745, 90627129, 90686598, 90885204, 97364288, 97364496, and 97408035.

8) That the Court issue an Order declaring that Copyright Reg. No. VA0002247632 is invalid;

9) That the Court Order Defendant AK Futures to cancel Reg. No. VA0002247632 by submitting a written voluntary cancellation request to the U.S. Copyright Office using the procedure described in Section 1807.4(E) of the Compendium of U.S. Copyright Office Practices;

10) That the Court issue an order directing Defendants to file with the Court and serve on Cookies within thirty (30) days after the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

11) That the Court award the Cookies Plaintiffs their actual damages and Defendants' profits realized by Defendants by reason of Defendants' unlawful acts herein alleged pursuant to 15 U.S.C. § 1117(a), in an amount to be

1   determined at trial;

2   12) That the Court declare this is an exceptional case in light of Defendants'

3   knowing and willful infringement of the Cookies Trademarks;

4   13) That the Cookies Plaintiffs' damages be trebled;

5   14) That the Cookies Plaintiffs be awarded their reasonable attorneys' fees and

6   costs; and

7   15) Award any and all other relief that this Court deems just and proper.

8

9   <u>**DEMAND FOR JURY TRIAL**</u>

10

11   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Local

12   Rule 38-1, Plaintiffs hereby demands a jury trial on all issues triable by a jury.

13

14   July 22, 2022                    _____*/s/Ivan Posey*_____

15                                    Ivan Posey

16                                    LEECH TISHMAN FUSCALDO &
                                      LAMPL, INC.

17

18                                    *Attorneys for Plaintiff,*

19                                    *Cookies Retail Products, LLC*

20   July 22, 2022                    _____*/s/Lisa Greenwald Swire*_____

21                                    Lisa Greenwald-Swire

22                                    FISH & RICHARDSON P.C.

23

24                                    *Attorneys for Plaintiffs,*
                                      *Cookies SF LLC*

25

26

27

28

COMPLAINT